UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Case No. 20-cr-88 (ECT)

UNITED STATES OF AMERICA,

Plaintiff,

v.

BRANDON JAMES JOTBLAD,

Defendant.

PLEA AGREEMENT AND
SENTENCING STIPULATIONS

The United States of America and Brandon James Jotblad (hereinafter referred to as the "Defendant") agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the Defendant and the United States Attorney's Office for the District of Minnesota. This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1. **Charges.** The Defendant agrees to plead guilty to Count 1 of the Information, which charges the Defendant with possession of child pornography, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2). The United States agrees not to charge the Defendant with any other crimes associated with the conduct described herein.

2. **Factual Basis.** The parties agree on the following factual basis as to Count 1 of the Information. The Defendant stipulates and agrees that were the matter to go to trial, the United States would prove the following facts beyond a reasonable doubt.

Background on the Defendant's conduct:

a. At all relevant times, the Defendant was a resident of and resided in the State and District of Minnesota. The conduct described herein took place in the State and District of Minnesota.

b. In 2014, the Defendant was convicted, in Ramsey County, Minnesota, of multiple counts of possession of child pornography in violation of Minn. Stat. § 617.247.4(a). The Defendant was on probation for these convictions when he committed the crime described herein.

c. In late 2019, after receiving reports from Facebook of suspected child pornography on an account found to be associated with the Defendant, law enforcement discovered more than 56 pictures and seven videos depicting child pornography on the Defendant's cell phone, an LG model LML212VL smartphone, which was manufactured outside of Minnesota.

  i. Some of the images and videos depict prepubescent minors, that is, minors under the age of twelve.

  ii. Some of the images and videos depicted sadistic and/or masochistic acts with minors, including anal intercourse, oral intercourse, and vaginal intercourse.

Count 1:

d. On or about July 30, 2019, in the State and District of Minnesota, the Defendant, did knowingly possess visual depictions that were shipped and transported using a means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, by any means including computer, where the production of such visual depictions involved the use of a minor engaging in sexually explicit conduct and such visual depictions were of such conduct, to wit electronic files bearing the names and containing the images that follow:

| File (last six digits and letters of file name) | Description |
|---|---|
| 85048_n.mp4 | A video, two minutes and two second in length, depicting two prepubescent boys engaged in anal intercourse |
| 36290_n.mp4 | A video, four minutes and fifty-four seconds in length, depicting a prepubescent girl engaged in vaginal |

|  | intercourse with a prepubescent boy while she performs oral sex on an adult male |
|---|---|

3.  **Waiver of Indictment.** The Defendant agrees to waive indictment by a grand jury on this charge and to consent to the filing of a criminal information. The Defendant further agrees to execute a written waiver of his right to be indicted by a grand jury on this offense.

4.  **Waiver of Pretrial Motions**. The Defendant understands and agrees that he has certain rights to file pre-trial motions in this case. As part of this plea agreement, and based upon the concessions of the United States, the Defendant knowingly, willingly, and voluntarily gives up the right to file pre-trial motions in this case.

5.  **Statutory Penalties.** The parties agree that Count 1 of the Information carries statutory penalties of:

    a.  a maximum term of 20 years in prison (18 U.S.C. § 2252(b)(2));

    b.  a mandatory minimum term of 10 years in prison (18 U.S.C. § 2252(b)(2));

    c.  a supervised release term of at least 5 years and up to a maximum supervised release term of life;

    d.  a criminal fine of up to $250,000 (18 U.S.C. § 3571(b)(3));

    e.  a mandatory special assessment of $100.00;

    f.  an assessment of $5,000 to the Domestic Trafficking Victims' Fund (18 U.S.C. § 3014);

    g.  an assessment of up to $17,000 (18 U.S.C. § 2259A); and,



  h.  mandatory restitution to the victims of the Defendant's crime of not less than $3,000 per victim (18 U.S.C. §§ 2259, 2259A, and 3663A).

6. **Revocation of Supervised Release.**  The Defendant understands that if the Defendant were to violate any condition of supervised release, the Defendant could be sentenced to an additional term of imprisonment up to the length of the original supervised release term, subject to the statutory maximums set forth in 18 U.S.C. § 3583.

7. **Guideline Calculations.**  The parties acknowledge that the Defendant will be sentenced in accordance with 18 U.S.C. § 3551, *et seq.*  Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing.  The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence and stipulate to the following guideline calculations:

<u>Count 1:</u>

 a. <u>**Base Offense Level**</u>**:** The parties agree that the base offense level for possession of child pornography in this case is <u>18</u>.  U.S.S.G. § 2G2.2(a)(1).

 b. <u>**Specific Offense Characteristics**</u>**:**

  i. The parties agree that the offense level should be increased by an additional <u>2</u> levels because the material involved a prepubescent minor.  U.S.S.G. § 2G2.2(b)(2).

  ii. The parties agree that the offense level should be increased by an additional <u>4</u> levels because the child pornography the Defendant possessed portrayed sadistic, masochistic, and/or other violent conduct.  U.S.S.G. § 2G2.2(b)(4).

4



      iii. The parties agree that the offense level should be increased by an additional **2** levels because the Defendant used a computer and interactive computer service to possess child pornography. U.S.S.G. § 2G2.2(b)(6).

      iv. The parties agree that the offense level should be increased by an additional **4** levels because the Defendant's offense involved more than 300 images of child pornography, but fewer than 600. U.S.S.G. § 2G2.2(b)(7)(A).

      v. The parties agree that no other specific offense characteristics apply.

c. **Chapter Three Adjustments:**

      i. Acceptance of Responsibility: The parties agree that if the Defendant (1) provides full, complete, and truthful disclosures to the United States Probation and Pretrial Services Office, including providing complete, accurate, and truthful financial information; (2) testifies truthfully during the change of plea and sentencing hearings; (3) complies with this agreement; and (4) undertakes no act inconsistent with acceptance of responsibility before the time of sentencing, the United States agrees to recommend that the Defendant receive a **two-level reduction** for acceptance of responsibility under U.S.S.G. § 3E1.1(a), and to move for an **additional one-level reduction** under § 3E1.1(b).

      ii. The parties agree that no other Chapter 3 enhancements apply.

The Defendant's total adjusted offense level is **27** (18 + 2 + 4 + 2 + 4 - 3 = 27).

d. **Criminal History Category.** Based on information available at this time, the parties believe that the Defendant's criminal history category is **VI**. U.S.S.G. § 4B1.5(a)(2). This does not constitute a stipulation, but a belief based on an assessment of the information currently known. The Defendant's actual criminal history and related status (which might impact the Defendant's adjusted offense level) will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing. If it is determined that Defendant's criminal history is less than VI that will not be a basis to withdraw from the plea agreement.



e. **Advisory Guideline Range.** If the adjusted offense level is **27**, and the criminal history category is **VI**, then the advisory Guidelines range is 130-162 months of imprisonment.

The statute of conviction carries a **10-year (120 month) mandatory minimum sentence.** 18 U.S.C. § 2252(b)(2).

f. **Fine Range.** If the adjusted offense level is **27**, the fine range is $30,000 to $250,000. U.S.S.G. § 5E1.2(c)(3); 18 U.S.C. § 3571(b)(3).

g. **Supervised Release.** The Sentencing Guidelines require a term of supervised release of at least five years and up to a term of life. U.S.S.G. §§ 5D1.2(b)(2), (c); 18 U.S.C. § 3583(k).

h. **Sentencing Recommendation and Departures**. Due to the unique circumstances of this matter including the Defendant's immediate willingness to plead to an information and the evidence known to the United States at the time of the entry of this plea, the parties agree to the following sentencing recommendations:

   i. The Defendant reserves the right to move for a downward departure or variance from the calculated Guidelines range, 130-162 months of imprisonment, and the United States reserves the right to oppose such a motion.

   ii. The Defendant understands that the **mandatory minimum sentence** is 10-years (or 120-months) of imprisonment, while his maximum sentence is 20-years (or 240-months) of imprisonment.

   iii. The parties agree to jointly recommend a term of supervised release of fifteen years. They further agree that the Defendant's supervised release should contain sex offender specific conditions such as limited access to the internet and electronic devices with internet capability, internet monitoring by Probation, and searches of the Defendant's person and property by Probation.

   iv. The parties reserve the right to present evidence and argue for the sentence they believe is appropriate, within the confines set forth herein.

8. **Discretion of the Court.** The foregoing stipulations are binding on the parties, but do not bind the Court. The parties understand that the Sentencing

Guidelines are advisory and their application is a matter that falls solely within the Court's discretion. The Court may make its own determination regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also depart from the applicable Guidelines range. If the Court determines that the applicable guideline calculations or the Defendant's criminal history category are different from that stated above, the parties may not withdraw from this agreement, and the Defendant will be sentenced pursuant to the Court's determinations.

9. **Special Assessments.** The Guidelines require payment of a special assessment in the amount of $100.00 for each felony count of which the Defendant is convicted. U.S.S.G. § 5E1.3. The Defendant agrees to pay the $100.00 special assessment at the time of sentencing.

Furthermore, the United States will request the Court order the Defendant to pay an assessment of $5,000 (18 U.S.C. § 3014) at the time of sentencing. Unless the Court finds the Defendant indigent, the Defendant must pay the $5,000 assessment.

Any assessment imposed shall be paid through the Office of the Clerk of the District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

10. **Restitution.** The Defendant understands and agrees that 18 U.S.C. §§ 2259 and 2259A, and the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, apply to this case and that the Court is required to order the Defendant to make restitution to the victims of his crimes.

There is no agreement as to the amount of restitution. However, the Defendant understands and agrees that the Court may order him to make restitution to any victim of his offense, regardless of whether the victim was named in the Information, the count of conviction, or this Agreement. Furthermore, the Defendant understands and agrees that the Court must impose restitution in the amount of at least $3,000 per victim, unless the Defendant makes an agreement with a victim(s) as to the amount of restitution, and the Defendant submits such an agreement to the Court.

The Defendant represents that the Defendant will fully and completely disclose to the United States Attorney's Office the existence and location of any assets in which the Defendant has any right, title, or interest. The Defendant agrees to assist the United States in identifying, locating, returning, and transferring assets for use in payment of restitution and fines ordered by the Court.

The Defendant further agrees that the Defendant will provide the United States, under penalty of perjury, a financial disclosure form listing all the Defendant's assets and financial interests valued at more than $1,000. Defendant agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), which occur prior to sentencing, within seven days of the event giving rise to the changed circumstance. The Defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on him to evaluate the Defendant's ability to satisfy any financial obligation imposed by the Court.

11. **Forfeiture.** The Defendant agrees to forfeit to the United States, pursuant to 18 U.S.C. § 2253(a), all property, real or personal, used or intended to be used to commit the offense, including the following property:

   a. any visual depiction described in section 2251, 2251A, 2252, 2252A, 2252B, or 2260 of Chapter 110, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Chapter 110;

   b. any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and

   c. any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property, including, but not limited to: a LG model LML212VL cell phone.

The Defendant agrees to forfeit this property because it was used, or intended to be used, to commit the offense charged in Count 1 of the Information.

The United States reserves the right to seek the direct forfeiture of additional assets pursuant to 18 U.S.C. § 2253(a), and the forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 2253(b).

12. **Waivers of Appeal and Collateral Attack.** The Defendant understands that 18 U.S.C. § 3742 affords the Defendant the right to appeal the sentence imposed in this case. Acknowledging this right, and in exchange for the

9

concessions made by the United States in this plea agreement, the Defendant hereby waives all rights conferred by 18 U.S.C. § 3742 to appeal his sentence if that sentence is 162 months of imprisonment, or less. The United States agrees to waive its right to appeal the Defendant's sentence so long as that sentence is at least 130 months of imprisonment. The Defendant also waives, to the full extent of the law, his right to appeal any assessment, forfeiture, or restitution order associated with his sentence.

The Defendant understands that he has the right to petition under 28 U.S.C. § 2255. Acknowledging this right, and in exchange for concessions made by the United States in this plea agreement, Defendant expressly waives the right to petition under 28 U.S.C. § 2255, except for petitions alleging ineffective assistance of counsel. The Defendant has discussed these rights with his attorney. The Defendant understands the rights being waived, and the Defendant waives these rights knowingly, intelligently, and voluntarily.

13. **FOIA Waiver.** In exchange for concessions made by the United States, Defendant hereby waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act (FOIA) (5 U.S.C. § 552) and the Privacy Act of 1974 (5 U.S.C. § 552A).

14. **Sex Offender Registration.** The Defendant understands that by pleading guilty, the Defendant may be required to register as a sex offender upon his release from prison as a condition of his supervised release pursuant to 18 U.S.C. § 3583(d). Defendant also understands that independent of supervised release, he may

be subject to federal and state offender registration requirements, and that those requirements may apply throughout his life.

15. **Complete Agreement.** This, along with any agreement signed by the parties before entry of plea, is the entire agreement and understanding between the United States and the Defendant.

Date: ~~June~~ Aug 18, 2020
ADC

ERICA H. MacDONALD
United States Attorney

BY: ALEXANDER D. CHIQUOINE
Assistant U.S. Attorney

Date: June 11, 2020

BRANDON JAMES JOTBLAD
Defendant

Date: ~~June~~ Aug 17, 2020

MANVIR K. ATWAL, ESQ.
Counsel for Defendant

11